IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KF TEA USA INC. and KF TEA FRANCHISING LLC,

Plaintiffs,

-against-

TEA N' BOBA ENTERPRISES LLC, TOAN VAN NGUYEN and VY NGUYEN,

Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiffs KF Tea USA Inc. ("KFTU") and KF TEA Franchising LLC ("KFTF") (collectively "Plaintiffs") allege as follows for their Complaint against Defendants Tea N' Boba Enterprises LLC, Toan Van Nguyen and Vy Nguyen (collectively "Defendants"):

1.      This is an action for trademark infringement, counterfeiting, false designation of origin, passing off, unfair  competition, dilution and false advertising under the Lanham Act, 15 U.S.C. §§ 1051 et seq., trademark infringement, unfair competition, false designation of origin, dilution, false advertising and unjust enrichment in violation of Texas Common Law and/or Business and Commerce Code §17.46, and breach of contract arising from Defendants' willful infringement and counterfeiting by using the substantially indistinguishable KUNG FU BOBA mark to Plaintiffs' incontestable, federally registered KUNG FU TEA® Trademarks for the same restaurant services and tea-based flavored drinks and beverages as Plaintiffs' KUNG FU TEA® branded business and Defendants failing to comply with their termination obligations in material

breach of a Franchise Agreement with Plaintiffs.

## THE PARTIES

2.      Plaintiff KFTU is a New York corporation with a principal place of business at 589 8th Avenue, 17th Floor, New York, New York 10018.  Plaintiff KFTU is the owner of the KUNG FU TEA® Trademarks.

3.      Plaintiff KFTF is a Delaware limited liability company with a principal place of business at 589 8th Avenue, 17th Floor, New York, New York 10018.  Plaintiff KFTF is the exclusive franchisor of KUNG FU TEA® shops.

4.      Defendant Tea N' Boba Enterprises LLC is a Texas limited liability company with its principal place of business at 3910 Wayne Avenue #102, Wichita Falls, Texas 76308. Defendant Tea N' Boba Enterprises LLC is a restaurant named under the infringing KUNG FU BOBA mark and offering tea-based flavored drinks and beverages, including Bubble Tea, using the KUNG FU BOBA mark on or in its website, https://kungfuboba.app.infi.us/#/, and in advertisements, social media, and promotion of such services, including as trade dress in connection with its services.

5.      Defendant Toan Van Nguyen is a Texas resident having an address at 8 Park Place CT, Wichita Falls, Texas 76302.  On information and belief, Defendant Toan Van Nguyen is the owner of Defendant Tea N' Boba Enterprises LLC and has substantial decision making power within this company.

6.      Defendant Vy Nguyen is a Texas resident having an address at 8 Park Place CT, Wichita Falls, Texas 76302.  On information and belief, Defendant Vy Nguyen is the Managing Member of Defendant Tea N' Boba Enterprises LLC and has substantial decision making power

within this company.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

### A.  Plaintiffs' KUNG FU TEA® Branded Business And Incontestable, Federal Registered Trademarks

9.     Plaintiff KFTU began operation of KUNG FU TEA® shops in May 2010 and continues to operate KUNG FU TEA® shops.  Plaintiff KFTF is the exclusive franchisor of KUNG FU TEA® shops, America's largest bubble tea brand with more than 325+ KUNG FU TEA® franchised shops located throughout the U.S., including 47 locations in Texas, 13 within the Dallas Fort-Worth Metropolitan Area, and internationally with locations in Canada, Cambodia, Taiwan and Japan.  **Exhibit 1 (2023 Franchise Disclosure Document at Exhibit B (Franchisees)); Exhibit 2 (www.kungfutea.com/locations/usa).**  Plaintiff KFTF offers its franchisees the right to own and operate KUNG FU TEA® shops at approved locations.  Each KUNG FU TEA® shop is a retail shop selling a variety of brew tea, bubble tea, coffee, juices, smoothies and other hot and cold drinks.  All of the teas and other drinks are prepared in accordance with recipes using Plaintiff KFTF's ingredients and other specified or authorized ingredients, using equipment Plaintiff KFTF supplies or specifies. On April 30, 2018 (KUNG FU TEA®' 8th birthday), Plaintiffs founded National Bubble Tea Day to honor the growing community of people who live and breathe bubble tea while celebrating the beverage that "has made lives bubblier."  **Exhibit 3**

**(www.kungfutea.com).**

10.     The KUNG FU TEA® Trademarks were first used in commerce at least as early as April 30, 2010, and since then Plaintiffs and their affiliates have been the exclusive source of the KUNG FU TEA® brand.   Moreover, Plaintiffs and their affiliates have made extensive and continuous use of the KUNG FU TEA® mark in U.S. Commerce through their authorized franchisees since at least as early as 2011, with rights accruing to Plaintiffs in connection with KUNG FU TEA® shops selling a variety of brew tea, bubble tea, coffee, juices, smoothies and other hot and cold drinks.   As a result of Plaintiffs' authorized franchisees' long use, significant advertising and promotional efforts, extensive sales, and the high and consistent quality of the goods and services under the KUNG FU TEA® mark, the mark has obtained national recognition and fame and become an indicator of the source of Plaintiffs' goods and services and a symbol of substantial and valuable goodwill.   *See, e.g.,* **Exhibit 4** ("A guide to the best bubble tea shops in the D.C. area," The Washington Post (June 14, 2017) ("Think of Kung Fu Tea as the Starbucks of bubble tea.").

11.     In addition to the strong common law rights from Plaintiffs long and extensive use of its KUNG FU TEA® Trademarks, Plaintiff KFTU is the sole owner of all right, title and interest in and to the following KUNG FU TEA® Trademarks which are legally and validly registered with the Principal Register of the United States Patent and Trademark Office ("USPTO").   There are no other federally registered trademarks that use the term "KUNG FU TEA" for any services or goods:

| Trademark | U.S. Registration No. | Goods/Services | First Use in Commerce | Status |
|---|---|---|---|---|
| KUNG FU TEA | 4,497,687 | Int'l Class: 43 Restaurant services featuring non-alcoholic drinks, beverages, pastries, and confections | April 30, 2010 | Active (Registered, March 18, 2014) |
| KUNG FU TEA | 4,857,505 | Int'l Class: 30, 32 (Int'l Class: 30) Tea; tea-based flavored drinks and beverages; tea-based slush-type drinks; pastries containing tea, Tea-based smoothies (Int'l Class: 32) fruit-flavored smoothies containing tea; fruit-flavored slush-type drinks containing tea | April 30, 2010 | Active (Registered, November 24, 2015) |
| KUNG FU TEA and Design  | 5,438,824 | Int'l Class: 30 Tea; tea-based flavored drinks and beverages; tea-based slush-type drinks; pastries containing tea; tea-based smoothies | January 1, 2016 | Active (Registered: April 3, 2018) |

| Trademark | U.S. Registration No. | Goods/Services | First Use in Commerce | Status |
|---|---|---|---|---|
| KUNG FU TEA and Design  | 5,438,825 | Int'l Class: 32 Fruit-flavored smoothies containing tea; fruit-flavored slush-type drinks containing tea | January 1, 2016 | Active (Registered: April 3, 2018) |
| KUNG FU TEA and Design  | 5,443,929 | Int'l Class: 30 Tea; tea-based flavored drinks and beverages; tea-based slush-type drinks; tea-based smoothies | January 1, 2016 | Active (Registered: April 10, 2018) |
| KUNG FU TEA and Design  | 5,443,930 | Int'l Class: 32 Fruit-flavored smoothies containing tea; fruit-flavored slush-type drinks containing tea | January 1, 2016 | Active (Registered, April 10, 2018) |
| KUNG FU TEA and Design  | 5,443,931 | Int'l Class: 43 Restaurant services featuring non-alcoholic drinks, beverages and confections | January 1, 2016 | Active (Registered, April 10, 2018) |

6

| Trademark | U.S. Registration No. | Goods/Services | First Use in Commerce | Status |
|---|---|---|---|---|
| KUNG FU TEA | 5,588,198 | Int'l Class: 09, 16, 18, 21, 25, 30 (Int'l Class: 09) Cell phone cases; Cases for mobile phones (Int'l Class: 16) Stickers (Int'l Class: 18) Tote bags (Int'l Class: 21) Mugs; Plastic cups; Tea canisters; Water bottles sold empty (Int'l Class: 25) Headwear, namely, caps and hats; Hoodies; T-shirts (Int'l Class: 30) Tea bags | December 1, 2016 | Active (Registered, October 15, 2018) |
| KUNG FU TEA and Design  | 5,639,864 | Int'l Class: 09, 16, 18, 21, 25, 30 (Int'l Class: 09) Cell phone cases; Cases for mobile phones (Int'l Class: 16) Stickers (Int'l Class: 18) Tote bags (Int'l Class: 21) Mugs; Plastic cups; Tea canisters; Water bottles sold empty (Int'l Class: 25) Headwear, namely, caps and hats; Hoodies; T-shirts | December 1, 2016 | Active (Registered, December 25, 2018) |

| Trademark | U.S. Registration No. | Goods/Services | First Use in Commerce | Status |
|---|---|---|---|---|
| | | (Int'l Class: 30) Tea bags | | |

12.     Copies of the Certificates of Registration for Plaintiffs' federally registered KUNG FU TEA® Trademarks are attached as **Exhibits 5 (Reg. No. 4,497,687); 6 (Reg. No. 4,857,505); 7 (Reg. No. 5,438,824); 8 (Reg. No. 5,438,825); 9 (Reg. No. 5,443.929); 10 (Reg. No. 5,443,930); 11 (Reg. No. 5,443,931); 12 (Reg. No. 5,588,198); and 13 (Reg. No. 5,639,864).**

13.     Plaintiffs' federal registrations for the KUNG FU TEA® Trademarks are incontestable under 15 U.S.C. §1065.   Pursuant to 15 U.S.C. §1115(b), Plaintiffs' incontestable registrations are conclusive evidence of the validity the KUNG FU TEA® Trademarks, Plaintiffs' ownership in the trademarks, and Plaintiffs' exclusive right to use the KUNG FU TEA® Trademarks in commerce with, *inter alia*, restaurant services and tea-based flavored drinks and beverages.  See **Exhibits 14 to 15 (**Section 15 Declarations of Incontestability for KUNG FU TEA® Trademarks under U.S. Registration Nos. 4,497,687 and 4,857,505).

14.     On an annual basis, Plaintiffs have invested substantial time, effort and money in advertising and promoting franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand.  Such advertising and promotions of the KUNG FU TEA® brand include website advertisements, print media, menus, point of sale advertising, posters, signs and displays on restaurants and direct mail to consumers.  Example advertisements of the KUNG FU TEA® brand through Plaintiffs' website, www.kungfutea.com, and menu are shown below (**Exhibits 16 to 17**):





15.     As a result of Plaintiffs' extensive use and advertising of its franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand, customers throughout the U.S., including within this jurisdiction, and internationally have grown to identify Plaintiffs as the source of their franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand.  Plaintiffs' franchised KUNG FU TEA® shops, restaurant services and tea-based flavored

drinks and beverages under the KUNG FU TEA® brand are well known throughout the country, including within this jurisdiction, and internationally, and its network of customers and customer referrals have garnered industry-wide goodwill, reputation and recognition among businesses, families and individuals throughout the country, including within this jurisdiction.  In view of this, Plaintiffs vigorously enforce their KUNG FU TEA® Trademarks and protect their goodwill and brand.

16.     Plaintiffs have derived substantial revenue through their franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand.

17.     The KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand and the KUNG FU TEA® Trademarks have obtained national recognition and fame, including within this jurisdiction. Consumers recognize and rely upon the KUNG FU TEA® Trademarks to identify authentic franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages and to distinguish Plaintiffs' franchised KUNG FU TEA® shops, restaurant services and tea-based flavored drinks and beverages under the KUNG FU TEA® brand from the restaurant services and tea-based flavored drinks and beverages of others. The KUNG FU TEA® Trademarks became well known long before Defendants recently opened their restaurant offering tea-based flavored drinks and beverages, including Bubble Tea, using the infringing KUNG FU BOBA mark, including in its name and on or in their website, https://kungfuboba.app.infi.us/#/, and in advertisements, social media, and promotion of such restaurant and services, including as trade dress in connection with its services, all in material breach of Defendants' termination obligations under a Franchise Agreement with Plaintiffs.

10

B. **Defendants' Unlawful Acts**

1. **Background Relating To Defendants' Wrongful Conduct**

18.     Defendants were well aware of the existence and renown of the KUNG FU TEA®
Trademarks prior to committing the acts complained of herein.

19.     On March 21, 2023, Plaintiffs' counsel sent a Notice of Termination of Franchise
Agreement and Cease and Desist Letter to Defendant Toan Van Nguyen and VTVC Enterprises,
Inc. ("VTVC").   **Exhibit 18**.   VTVC was the predecessor of Defendant Tea N' Boba Enterprises
LLC, having the same principal place of business which is the restaurant located at 3910 Wayne
Avenue #102, Wichita Falls, Texas 76308.   Mr. Toan Van Nguyen was the owner, Director and
President of VTVC and, on information and belief, is the owner of Tea N' Boba Enterprises LLC.

20.     VTVC and Mr. Toan Van Nguyen entered into a Franchise Agreement **(Exhibit 19)**
with Plaintiff KFTF with an effective date of August 16, 2017, to open and operate a KUNG FU
TEA® shop located at 3910 Wayne Avenue #102, Wichita Falls, Texas 76308.   Based on an
agreement reached between Plaintiff KFTF and VTVC on August 19, 2022, VTVC agreed to close
its franchised store as a result of VTVC's violations of the Franchise Agreement, subject to VTVC's
completion of all store closing tasks on or before September 18, 2022, with which deadline VTVC
did not comply.   Specifically, in or about October 2022, VTVC started operating another store at the
approved location under the infringing name KUNG FU BOBA selling bubble tea, brew tea, coffee,
juices, smoothies and a variety of other hot and cold drinks. and other products and services using the
names  KUNG  FU  BOBA  and  KUNG  FU  TEA®  without  authorization  from  Plaintiffs.   Boba
means Bubble Tea in Taiwanese.   Bubble Tea is a tea-based drink that originated in Taiwan in the
early 1980s.   Taiwanese immigrants brought it to the United States in the 1990s.   *Wikipedia*.

21.     In view of the foregoing, on March 21, 2023, Plaintiffs' Cease and Desist Letter provided written notice to VTVC and Mr. Toan Van Nguyen of the immediate termination of the Franchise Agreement and of Plaintiffs' objection to VTVC's and Mr. Toan Van Nguyen's unauthorized and infringing use of the KUNG FU TEA® Trademarks.  VTVC's and Mr. Toan Van Nguyen's infringement of the KUNG FU TEA® Trademarks comprised at least their use of the identical KUNG FU TEA® mark and the substantially indistinguishable KUNG FU BOBA mark in connection with the name of their unauthorized shop and the goods and services of their stop selling bubble tea, brew tea, coffee, juices, smoothies and a variety of other hot and cold drinks, and other products and services without authorization from KFTF.  VTVC and Mr. Toan Van Nguyen also used the identical KUNG FU TEA® mark and the substantially indistinguishable KUNG FU BOBA mark in connection with the advertisement and promotion of their shop and the goods and services of their shop on, for example, their Google website (*see, e.g.,* webpage https://goo.gl/maps/VTXLdxkmuWJvMjCK6).  A photograph of VTVC's and Mr. Toan Nguyen's shop located at located at 3910 Wayne Avenue #102, Wichita Falls, Texas 76308, using the identical infringing KUNG FU BOBA mark without authorization by Plaintiffs is reproduced below **(Exhibit 20)**:



22.      On April 3, 2023, Mr. Toan Van Nguyen signed a Closing Agreement **(Exhibit 21)** agreeing on behalf of himself and VTVC to the following, *inter alia*:

a.      VTVC's KUNG FU TEA® shop located at 3910 Wayne Avenue, #102, Wichita Falls, Texas 76308 and owned by Mr. Toan Van Nguyen that had been operating under the Franchise Agreement **(Exhibit 19)** with KFTF was closed in August 2022, the Franchise Agreement is terminated and Mr. Nguyen and VTVC "agreed to pay off the $30,000 in penalties" owed to KFTF pursuant to the Franchise Agreement on a payment schedule of $500 per week, such that the total payment of $30,000 is completed within fifteen months beginning April 1, 2023.

b.      Mr. Nguyen and VTVC will "take all necessary steps to completely close the Kung Fu Boba shop located in Wichita Falls, Texas and your involvement in the business of a retail shop, and any website related thereto, selling a variety of brew tea, bubble tea, coffee, juices, smoothies and other hot and cold drinks on or about March 31, 2023, and no later than April 20, 2023."

c.      Once the Kung Fu Boba shop is closed, Mr. Nguyen and VTVC "will permanently

cease and desist any and all current or future use of the KUNG FU TEA trademarks, and any similar

marks, such as KUNG FU BOBA.  This includes but is not limited to any efforts or activities to

promote, license, or advertise any store selling bubble tea, brew tea, coffee, juices, smoothies or

variety of other hot and cold drinks in the United States under KUNG FU TEA®, KUNG FU BOBA

or any variation of these terms."

23.     By email of April 19, 2023 **(Exhibit 22)**, Mr. Toan Van Nguyen represented to

Plaintiffs' counsel that the KUNG FU BOBA shop "is now a permanently closed business" and he

will send "proof" of the dissolved company once he received it from the secretary of state.

24.     By email of May 8, 2023 **(Exhibit 23)**, Mr. Toan Van Nguyen sent proof to

Plaintiffs' counsel from the Secretary of State of Texas that the VTVC business is now closed**.**

25.     On May 15, 2023, Plaintiffs' counsel sent the first of numerous emails to Mr. Toan

Van Nguyen **(Exhibit 24)** advising Mr. Nguyen that he was in violation of the Closing agreement

for failure to make any payments in accordance with the agreed schedule: "Under the terms of the

Closing Agreement dated April 1, 2023, a fully executed copy of which is attached, you agreed to

a payment schedule of $500 per week beginning April 1, 2023, until the payment of the amount of

$30,000 is completed. This is the seventh week for which payment would be due and our client

has advised that no payments have been received to date. As such, payments in the amount of

$3,500 are past due and must be made in order for you to be in compliance with the Closing

Agreement."

26.     Upon receiving no response from Mr. Toan Van Nguyen, Plaintiffs sent follow

up emails to Mr. Toan Van Nguyen in an attempt to receive payment.  Plaintiffs sent such emails

on at least June 26 and 27, July 13 and 21, August 30, September 13, October 16, 20, 24, 30 and

31 and November 4 and 14, 2023. **Exhibit 25.**   To date, not a single payment has been received

by Plaintiffs under the Closing Agreement **(Exhibit 21)** signed by Mr. Toan Van Nguyen.

27.     In the meantime, Defendants registered a new business under the name Tea N'

Boba Enterprises LLC on or about June 5, 2023 **(Exhibit 26),** and Plaintiffs' learned on or about

November 22, 2023, that Defendants' infringing operations of the KUNG FU BOBA shop

continue at the 3910 Wayne Avenue #102, Wichita Falls, Texas 76308 address and under a new

website, https://kungfuboba.app.infi.us/#/, in the same line of business for restaurant services and

tea-based flavored drinks and beverages as Plaintiffs' KUNG FU TEA® branded business.  Examples of

Defendant's continuing willful infringement on its website, advertisements and promotions using

the KUNG FU BOBA mark are shown below in snapshots of Google search results for "kung fu

tea" showing a recent review of Defendants' KUNG FU BOBA restaurant, Defendant's online

menu that includes various tea-based flavored drinks and beverages, including BUBBLE TEA,

and Defendants' website still advertising images of KUNG FU TEA® flavored tea-based

beverages for purchase (**Exhibits 27, 28, 29 and 30**):







28.    Defendants use of the KUNG FU BOBA mark is causing actual confusion in the marketplace in Google searches and customer reviews confusing Defendants' KUNG FU BOBA restaurant with Plaintiffs' KUNG FU TEA® brand (**Exhibits 31 and 32**):



29.    Since termination of the Franchise Agreement, Plaintiffs have no business relationship with Defendants and have never authorized or licensed Defendants to use the KUNG

FU BOBA mark or any other confusingly similar mark to Plaintiffs' KUNG FU TEA®
Trademarks for any purpose, including for restaurant services and tea-based flavored drinks and
beverages.

30.     Defendants' restaurant services and tea-based flavored drinks and beverages using the
infringing KUNG FU BOBA mark are marketed to the same class of consumers, through the same
channels of trade, and through the same or similar types of advertising as Plaintiffs.

31.     Plaintiffs have no control over Defendants' use of the KUNG FU BOBA mark or
the quality of services advertised, promoted, and offered by Defendants in connection with the
KUNG FU BOBA mark.

32.     Defendants intend by their use of the KUNG FU BOBA mark in connection with
non-Plaintiffs restaurant services and tea-based flavored drinks and beverages to trade off the
resounding consumer goodwill and reputation of the KUNG FU TEA® Trademarks and Plaintiffs'
KUNG FU TEA® branded business.

**2.  Relevant Terms of Defendants' Franchise Agreement And Defendant Toan Van
Nguyen's Guarantee And Assumption Of Obligations Agreement With KFTF**

33.     Effective on August 16, 2017, franchisee VTVC, signed by owner Defendant Toan
Van Nguyen, and franchisor Plaintiff KFTF entered into a written Franchise Agreement **(Exhibit
19)** under which Plaintiffs granted to VTVC the right to operate a franchised KUNG FU TEA®
shop located at 3910 Wayne Avenue, #102, Wichita Falls, Texas 76308, including a license to sell
a variety of brew tea, bubble tea, coffee, juices, smoothies and other hot and cold drinks prepared
in accordance with recipes using Plaintiff KFTF's ingredients and other specified or authorized
ingredients, using equipment Plaintiff KFTF supplies or specifies.   The agreement was scheduled
to expire on August 16, 2027 **(Exhibit 19 (Schedule A))**, unless terminated before then.

34.     The Franchise Agreement **(Exhibit 19)** gives Plaintiff KFTF the right to terminate the agreement, effective immediately upon written notice, if VTVC fails to meet any of the requirements in Paragraph 5.2.2, including making any unauthorized use of the KUNG FU TEA® Trademarks and failing to cure within 30 days after receipt of the notice pursuant to Paragraph 5.2.3.

35.     Upon termination of the Franchise Agreement **(Exhibit 19)**, VTVC agreed to comply with post-termination obligations, including without limitation, "payment of all other amounts owed to us that are then unpaid" (Paragraph 5.3.1.2) and "cease to use the Marks and the System in any way" (Paragraph 5.3.1.4).

36.     In addition, to induce Plaintiff KFTF to enter into the Franchise Agreement **(Exhibit 19),** pursuant to Paragraph 3.3.3 Noncompetition After Termination, VTVC agreed that VTVC and its affiliates, owners or a member of the immediate family of any owner, would not compete via a Competitive Business with Plaintiff KFTF for a period of two years following termination within 5 miles of the KUNG FU TEA® shop located at 3910 Wayne Avenue, #102, Wichita Falls, Texas 76308 or of any KUNG FU TEA® shop located anywhere in the world. Competitive Business is defined in Paragraph 3.3.1 as, *inter alia*, "a retail business that sells, oriental style teas and other drinks to consumers for consumption and such sales comprise five percent or more of the business's revenues."

37.     In exchange for VTVC's agreement that VTVC and its affiliates, owners or a member of the immediate family of any owner would not compete via a Competitive Business, Plaintiffs performed under the non-competition covenant of the Franchise Agreement (**Exhibit 19**) by providing Defendants with certain rights to use Plaintiffs' copyrights (Paragraph 3.1.1), trademarks (Paragraphs 3.1.2 to 3.1.4) and confidential information to operate the KUNG FU

TEA® shops (Paragraph 3.2.1) under the Franchise Agreement in exchange for Defendants promise not to compete after termination of the Franchise Agreement.

38.     In Section 7.3 of the Franchise Agreement **(Exhibit 19), t**he parties agreed that, if any of the provisions provided in Article III of the Franchise Agreement were violated, including unauthorized use of the  KUNG FU TEA® Trademarks, infringement of the KUNG FU TEA® Trademarks or noncompetition, Plaintiffs "will suffer irreparable harm and will have a cause of action for damages or injunctive relief or both against you in a court of competent jurisdiction."

39.     The parties further agreed in Section 7.12 of the Franchise Agreement **(Exhibit 19)** that "[i]n any legal action arising out of or pursuant to this Agreement … the prevailing party will be entitled to recover its reasonable costs and expenses (including reasonable attorneys' fees) incurred in connection with the claims on which it prevailed."

40.     Defendant Toan Van Nguyen, as Guarantor, further entered into a Guaranty and Assumption of Obligations Agreement with Plaintiff KFTF on September 18, 2017 (**Exhibit 33**) acknowledging in Paragraph 2.4 Noncompetition, VTVC's obligations not to compete with Plaintiff KFTK under Section 3.3 of the Franchise Agreement and that he "personally agrees to comply with and be bound by all  of the Franchisee's obligations under Section 3.3 to the same extent that [VTVC] is  bound by the obligations of Section 3.3, both during and after the term of the Franchise Agreement."

41.     Defendant Toan Van Nguyen, as Guarantor, acknowledged (**Exhibit 33** at Paragraph 2.5) that if he fails to comply with any of the obligations with respect to Plaintiffs' copyrights and trademarks, confidential information and noncompetition, Plaintiffs "will suffer irreparable harm and will have a cause of action for damages or injunctive relief or both" against Mr. Nguyen, and, in the event Plaintiffs prevail in any litigation, he will reimburse Plaintiffs "for

all costs, attorneys' fees and other expenses incurred .. in connection with such litigation."

42.     As Guarantor, in Paragraph 1.1 (**Exhibit 33**), Mr. Toan Van Nguyen further "personally and unconditionally guarantees to [KFTF] and [KFTF's] successors and assigns the due, punctual and complete payment of all amounts that [VTVC] is obligated to pay to [KFTF] under the Franchise Agreement and under any modification of, amendment to or renewal of the Franchise Agreement."

43.     At all times, Plaintiff KFTF fully performed its obligations under the Franchise Agreement, including by providing to Defendants certain rights to use Plaintiffs' copyrights (¶ 3.1.1), trademarks (¶¶3.1.2 to 3.1.4) and confidential information to operate the KUNG FU TEA® shops (¶ 3.2.1) under the Franchise Agreement (**Exhibit 18**) in exchange for Defendants' promise not to compete by operating a Competitive Business that "sells, oriental style teas and other drinks to consumers for consumption and such sales comprise five percent or more of the business's revenues" (¶3.3.1) both during the agreement and for a period two years after termination of the Franchise Agreement (¶¶3.3.2 and 3.3.3).

### 3.     Defendants' Termination and Closing Agreement

44.     On March 21, 2023, Plaintiffs' counsel sent a written Notice of Termination of the Franchise Agreement and Cease and Desist Letter **(Exhibit 18)** to VTVC and Defendant Toan Van Nguyen.  Based on an agreement reached between Plaintiff KFTF and VTVC on August 19, 2022, VTVC agreed to close its franchised store as a result of VTVC's violations of the Franchise Agreement, subject to VTVC's completion of all store closing tasks on or before September 18, 2022, with which deadline VTVC did not comply.  Specifically, in or about October 2022, VTVC started operating another store at the approved location under the infringing name KUNG FU BOBA selling bubble tea, brew tea, coffee, juices, smoothies and a variety of other hot and cold drinks and other

products and services using the names KUNG FU BOBA and KUNG FU TEA® without authorization from Plaintiffs.  In view of the foregoing, Plaintiffs provided written notice of termination of the Franchise Agreement and their objections to VTVC's and Defendant Mr. Toan Van Nguyen's infringement of the KUNG FU TEA® Trademarks.

45.     On April 3, 2023, Defendant Toan Van Nguyen executed a Closing Agreement **(Exhibit 21)** on behalf of himself and VTVC, confirming:   a. termination of the Franchise Agreement and that he and VTFC agreed to pay off the $30,000 in penalties owed to Plaintiffs; b. the Kung Fu Boba shop located in Wichita Falls, Texas will be completely closed; and c.  he and VTVC will "will permanently cease and desist any and all current or future use of the KUNG FU TEA trademarks, and any similar marks, such as KUNG FU BOBA. This includes, but is not limited to any efforts or activities to promote, license, or advertise any store selling bubble tea, brew tea, coffee, juices, smoothies or variety of other hot and cold drinks in the United States under KUNG FU TEA®, KUNG FU BOBA or any variation of these terms."

46.     Defendants failed to cure the above-referenced failure to pay the $30,000 in penalties under the Franchise Agreement and their continued operation of the unauthorized KUNG FU BOBA restaurant and use of the infringing KUNG FU BOBA mark in the name of the restaurant and Defendants' website, social media, advertising and promotions of the KUNG FU BOBA restaurant within the cure periods afforded to them or since.

### 4.  Defendants' Violation of the Post-Termination Obligations

47.     Despite termination of the Franchising Agreement, Defendants have failed and refused to comply with their post-termination obligations.

48.     Defendants continue to operate the unauthorized KUNG FU BOBA restaurant and use of the infringing KUNG FU BOBA mark in the name of the restaurant and Defendants'

website, social media, advertising and promotions of the KUNG FU BOBA restaurant.

49.     Defendants continue to fail to pay Plaintiffs all sums due and owing.

50.     Defendants continue to fail to comply with their post-termination noncompetition covenant by operating the same restaurant at the same location using the infringing KUNG FU BOBA mark in the name of the restaurant and Defendants' website, social media, advertising and promotions of the KUNG FU BOBA restaurant.

51.     Put simply, Defendants' failure to pay the $30,000 in penalties, continued operation of the unauthorized KUNG FU BOBA restaurant and use of the infringing KUNG FU BOBA mark in the name of the restaurant and Defendants' website, social media, advertising and promotions of the KUNG FU BOBA restaurant are in material breach of the termination obligations under the Franchise Agreement **(Exhibit 19)**, including Paragraph 3.3.3 Noncompetition After Termination, the Guarantee and Assumption of Obligations **(Exhibit 33)**, signed by Mr. Toan Van Nguyen as Guarantor, including Paragraph 1.1 Personal Guarantee and Paragraph 2.4 Noncompetition, and the Closing Agreement **(Exhibit 21)** signed by Mr. Toan Van Nguyen on April 3, 2023.

52.     The acts of Defendants complained of herein have caused, or are likely to cause, irreparable injury to Plaintiffs, including irreparable injury to their good will and reputation, for which Plaintiffs have no adequate remedy at law.

53.     Upon information and belief, Defendants will continue to commit the acts complained of herein unless enjoined.

54.     Upon information and belief, Defendants' acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or with willful blindness to Plaintiffs' rights, for the purpose of trading on Plaintiffs' reputation and diluting the KUNG FU TEA® Trademarks.

55.    Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to recover the costs of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiffs to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT I

### Federal Trademark Infringement (15 U.S.C. § 1114)

56.    Paragraphs 1 through 55 are incorporated and made a part of this Count.

57.    Defendants use a reproduction, counterfeit, copy or colorable imitation of Plaintiffs' KUNG FU TEA® Trademarks, without Plaintiffs' consent, in commerce in connection restaurant services and tea-based flavored beverages that are not genuine KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages.

58.    Defendants use a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' KUNG FU TEA® Trademarks in Defendants' website, domain name, commercial labels, signs, posters, menus, prints, packages, wrappers, receptacles, advertisements, social media and promotions intended to be used in commerce upon or in connection with restaurant services and tea-based flavored drinks and beverages that are not genuine KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages.

59.    Defendants' use of the KUNG FU BOBA mark is likely to cause confusion, mistake, or deception as to the source of origin of the restaurant services and tea-based flavored drinks and beverages offered by Defendants in connection with Plaintiffs' KUNG FU TEA® Trademarks in that customers and potential customers are likely to believe that the restaurant services and tea-based flavored drinks and beverages offered by Defendants in connection with the KUNG FU BOBA mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs.

60.     Defendant's use of the KUNG FU BOBA mark is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the restaurant services and tea-based flavored drinks and beverages offered by Defendants in connection with the KUNG FU BOBA mark and Plaintiffs' KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages.

61.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

62.     The likely confusion, mistake, or deception caused by Defendants is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

## Federal Counterfeiting (15 U.S.C. §¶1114, 1116)

63.     Paragraphs 1 through 62 are incorporated and made a part of this Count.

64.     The KUNG FU TEA® Trademarks are registered on the Principal Register for, *inter alia*, restaurant services and tea-based flavored drinks and beverages.

65.     Defendants have engaged in unlawful counterfeiting practices in violation of 15 U.S.C. §§ 1114 and 1116, because Defendants' use of a spurious KUNG FU BOBA mark in connection with restaurant services and tea-based flavored drinks and beverages is substantially indistinguishable from Plaintiffs' KUNG FU TEA® Trademarks and is used in connection with the same restaurant services and tea-based flavored drinks and beverages offered in connection with Plaintiffs' KUNG FU TEA® Trademarks.

66.     Defendants have knowingly and intentionally used a spurious KUNG FU BOBA

mark to designate restaurant services and tea-based flavored drinks and beverages that are not genuine KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages. Defendants' use of the KUNG FU BOBA mark is in such a way as to cause confusion, mistake, or deception as to the source of origin of the restaurant services and tea-based flavored drinks and beverages offered by Defendant in connection with the spurious KUNG FU BOBA mark.

67.     The likely confusion, mistake, or deception caused by Defendants is in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116.

## COUNT III

### Federal False Designation of Origin, Passing Off and Unfair Competition (15 U.S.C. §1125(a))

68.     Paragraphs 1 through 67 are incorporated and made a part of this Count.

69.     Defendants' use of the KUNG FU BOBA mark is both use of a term, name, or symbol and use of a false designation of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the restaurant services and tea-based flavored drinks and beverages offered by Defendants in connection with the KUNG FU BOBA mark in that customers and potential customers are likely to believe that such services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs' KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages.

70.     Defendants' use of the KUNG FU BOBA mark is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between

the restaurant services and tea-based flavored drinks and beverages offered by Defendants in connection with the KUNG FU BOBA mark and Plaintiffs' KUNG FU TEA® branded restaurant services and tea-based flavored drinks and beverages.

71.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

72.     The likely confusion, mistake, or deception caused by Defendants is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § l 125(a).

## COUNT IV

## Federal False Advertising (15 U.S.C. §1125(a))

73.     Paragraphs 1 through 72 are incorporated and made a part of this Count.

74.     By the acts as described above, Defendants have made false or misleading statements to consumers that Defendants offer for sale and/or sell Plaintiffs' tea-based flavored beverages without authorization from Plaintiffs.

75.     The false or misleading statements have actually deceived or have the capacity to deceive a substantial portion of such consumers.

76.     The deception is material in that it is likely to influence purchasing decisions relating to tea-based flavored beverages.

77.     There is a likelihood of injury to Plaintiffs resulting from the false and misleading statements, including loss of sales of tea-based flavored beverages and loss of goodwill and reputation to Plaintiffs' KUNG FU TEA® brand.

78.     Defendants' false and misleading statements relate to Defendants' offer for sale and

29

sale of tea-based flavored beverages provided in interstate commerce.

## COUNT V
## Federal Trademark Dilution (15 U.S.C. § 1125(c))

79.     Paragraphs 1-78 are incorporated and made a part of this Count.

80.     Plaintiffs' KUNG FU TEA® Trademarks are distinctive, strong, and famous and became so long before Defendants' activities described in this Complaint.

81.     Defendants are making unlicensed and unauthorized commercial use in commerce of Plaintiffs' KUNG FU TEA® Trademarks, and Defendants' activities have caused and are causing dilution of the distinctive quality of Plaintiffs' KUNG FU TEA® Trademarks. Defendants' conduct erodes the public's exclusive identification of these marks with Plaintiffs and tarnishes and degrades the positive associations and prestigious connotations of the marks.

82.     Defendants willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiffs' KUNG FU TEA® Trademarks.

83.     Plaintiffs therefore are entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.


## COUNT VI

## Trademark Infringement in
## Violation of Texas Common Law

84.     Paragraphs 1 through 83 are incorporated and made a part of this Count.

85.     Defendants' conduct constitutes infringement of Plaintiffs' rights in the KUNG FU TEA® Trademarks in violation of Texas common law.

86.     Defendants have committed acts alleged above with knowledge and intent to cause confusion or mistake or to deceive.

## COUNT VII

### Unfair Competition in Violation of Texas Common Law

87.     Paragraphs 1 through 86 are incorporated and made a part of this Count.

88.     Defendants have engaged in unfair competition by unlawfully advertising, offering for sale, and using the substantially indistinguishable KUNG FU BOBA mark as Plaintiffs' federally registered KUNG FU TEA® Trademarks for the same restaurant services and tea-based flavored drinks and beverages.

89.     Defendants' deliberate and concerted adoption and use of the substantially indistinguishable KUNG FU BOBA mark as Plaintiffs' federally registered KUNG FU TEA® Trademarks is likely to cause confusion, mistake, or deception by virtue of Defendants' false representation to the public that Defendants' restaurant services and tea-based flavored drinks and beverages are sanctioned, endorsed, sponsored by, or otherwise permitted by or connected with Plaintiffs.

90.     Defendants' unauthorized use of the substantially indistinguishable KUNG FU BOBA mark as Plaintiffs' federally registered KUNG FU TEA® Trademarks is likely to influence the decision of consumers and the general public.

91.     Defendants' unauthorized use of the substantially indistinguishable KUNG FU BOBA mark as Plaintiffs' federally registered KUNG FU TEA® Trademarks constitutes Common Law Trademark Infringement and/or Common Law Unfair Competition.

92.     By reason of Defendants' acts of unfair competition, trademark infringement, and

false designation of origin – as alleged above – Plaintiffs have suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to their reputation – all in amounts which are not yet fully ascertainable, but will be proven at trial.

93.     Unless restrained and enjoined, Defendants' acts of unfair competition and trademark infringement, alleged herein, will cause Plaintiffs ongoing, irreparable injury.

## COUNT VIII

### False Designation of Origin in Violation of
### Texas Common Law

94.     Paragraphs 1 through 93 are incorporated and made a part of this Count.

95.     Through Defendants' use of the KUNG FU BOBA mark in interstate commerce in connection with its restaurant services and tea-based flavored drinks and beverages, Defendants have falsely designated those services as affiliated with Plaintiffs.

96.     Defendants' use of the KUNG FU BOBA mark has the capacity to materially deceive potential consumers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' restaurant services and tea-based flavored drinks and beverages.

97.     As a result of Defendants' false designation of their restaurant services and tea-based flavored drinks and beverages, Plaintiffs have suffered, and will continue to suffer damages, including irreparable damage to their goodwill and reputation.

## COUNT IX

### Trademark Dilution and Injury to Business Reputation in Violation of
### Texas Common Law

98.     Paragraphs 1-97 are incorporated and made a part of this Count.

99.   Plaintiffs KUNG FU TEA® Trademarks are distinctive, strong, and famous and became so long before Defendants' activities described in this Complaint.

100.   Defendants are making unlicensed and unauthorized commercial use in commerce of the KUNG FU BOBA mark that is substantially indistinguishable from Plaintiffs' KUNG FU TEA® Trademarks, and Defendants' activities have caused and are causing dilution of the distinctive quality of Plaintiffs' KUNG FU TEA® Trademarks.   Defendants' conduct blurs the public's exclusive identification of these marks with Plaintiffs and tarnishes and degrades the positive associations and prestigious connotations of the marks.   As a result of Defendants' acts referenced hereinabove, Plaintiffs have suffered and are likely to suffer irreparable injury to their business reputation and trade name.

101.   Defendants' acts constitute a violation of the Texas Anti-Dilution Statute, Tex. Bus. & Comm. Code Ann.§ 16:29.

102.   As a result of Defendants' acts, Defendants have caused and will continue to cause injury to Plaintiffs, and Plaintiffs are entitled to injunctive relief.

<u>**COUNT X**</u>

<u>**False Advertising Under Texas Business and Commerce Code §17.46**</u>

103.   Paragraphs 1-102 are incorporated and made a part of this Count.

104.   By the acts as described above, Defendants have made false or misleading statements to consumers that Defendants offer for sale and/or sell Plaintiffs' tea-based flavored beverages without authorization from Plaintiffs.

105.   The false or misleading statements have actually deceived or have the capacity to deceive a substantial portion of such consumers.

106.    The deception is material in that it is likely to influence purchasing decisions relating to tea-based flavored beverages.

107.    There is a likelihood of injury to Plaintiffs resulting from the false and misleading statements, including loss of sales of tea-based flavored beverages and loss of goodwill and reputation to Plaintiffs' KUNG FU TEA® brand.

108.    Defendants' false and misleading statements relate to Defendants' offer for sale and sale of tea-based flavored beverages provided in interstate commerce

## COUNT XI

## Unjust Enrichment in Violation of Texas Common Law

109.    Paragraphs 1 through 108 are incorporated and made a part of this Count.

110.    Through Defendants' use of the KUNG FU BOBA mark, Defendants have unfairly used the significant goodwill and consumer recognition inherent in Plaintiffs' KUNG FU TEA® Trademarks to gain business and customers.

111.    Through Defendants' use of the KUNG FU BOBA mark, Defendants' marketing efforts have benefited and Defendants have profited financially, and are likely to continue benefiting and profiting, by leading customers to believe that Defendants' restaurant services and tea-based flavored drinks and beverages using the KUNG FU BOBA Mark are affiliated with Plaintiffs.

112.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer damages, including irreparable damage to their goodwill and reputation.

## COUNT XII

### Breach of Contract – Specific Performance

113.     Paragraphs 1 through 112 are incorporated and made a part of this Count.

114.     Defendants' failure and refusal to comply with their post-termination obligations under the Franchise Agreement and Guaranty, including, without limitation, their noncompetition covenant, and their obligations to cease all use of the infringing KUNG FU BOBA mark and pay Plaintiffs all sums due and owing, constitute material breaches of the Franchise Agreement and Guaranty.

115.     As a direct and proximate result of Defendants' continuing breaches, Plaintiffs have suffered and will continue to suffer actual, substantial and irreparable harm, including, but not limited to, loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by Defendants' formerly franchised restaurant, lost profits, diminution in the value of Plaintiffs' proprietary and confidential information, and the loss of competitive advantage.

116.     Further, Plaintiffs have been and will be irreparably harmed by Defendants' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Plaintiffs for the continuing damage to the value of Plaintiffs' goodwill and reputation, their proprietary and confidential information, their system stability, and their inability to refranchise the territory serviced by Defendants' formerly franchised restaurant, all of which are caused by Defendants' continuing material breaches.

117.     Absent injunctive relief enjoining Defendants' misconduct and ordering specific performance of their post-termination obligations, Defendants' material breaches will continue to cause Plaintiffs irreparable harm.

## COUNT XIII

### Breach of Contract – Damages

118.    Paragraphs 1 through 117 are incorporated and made a part of this Count.

119.    Defendants' failure to operate their franchised restaurant in accordance with the Franchise Agreement's terms and refusal to comply with their post-termination obligations under the Franchise Agreement and Guaranty, including without limitation, their noncompetition covenant, and their obligations to cease all use of the infringing KUNG FU BOBA mark and pay Plaintiffs all sums due and owing, constitute material breaches of the Franchise Agreement and Guaranty.

120.    As a direct and proximate result of Defendants' breaches and the resulting termination of the Franchise Agreement, Plaintiffs have sustained damages in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and respectfully request that the Court enter an order:

A.    Declaring that Defendants' actions described above infringe Plaintiffs' rights in the KUNG FU TEA® Trademarks, and accordingly constitute trademark infringement, counterfeiting, false designation of origin, passing off, unfair competition, dilution and false advertising under federal law, and trademark infringement, unfair competition, false designation of origin, dilution, false advertising and unjust enrichment in violation of Texas Common law and/or Business and Commerce Code §17.46.

B.    Preliminarily and permanently enjoining and restraining Defendants and their directors, members, officers, agents, servants, employees, subsidiaries, affiliates, and all persons

in active concert or participation with Defendants, at first during the pendency of this action and thereafter perpetually from:

1.  committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Plaintiffs' KUNG FU TEA® Trademarks;

2.  committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services that are not Plaintiffs' goods/services as those of Plaintiffs;

3.  using the KUNG FU BOBA Mark in any manner in the name of their restaurant and on their website, domain name, packaging, labels, signs, posters, menus, literature, display cards, or other advertising, promotional or social media materials, or any other materials related to Defendants' restaurant services and tea-based flavored drinks and beverages, and any other mark, word, or name confusingly similar to Plaintiffs' KUNG FU TEA® Trademarks;

4.  using any designation that is likely to disparage, tarnish, or dilute the distinctive and famous quality of Plaintiffs' KUNG FU TEA® Trademarks;

5.  using images of the KUNG FU TEA® Trademarks and products, included but not limited to, on https://kungfuboba.app.infi.us/#/z and from all other advertisements, promotions and social media;

6.  committing any acts of unfair competition or deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' restaurant services and tea-based flavored drinks and beverages are the restaurant services and tea-based flavored drinks and beverages of Plaintiffs or are

sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiffs or under the supervision or control of Plaintiffs; and

7.      continuing to operate Defendants' business located at 3910 Wayne Avenue #102, Wichita Falls, Texas 76308 in the sale of oriental style teas and other drinks to consumers for consumption and such sales comprise more than five percent of such business's revenues or any such business within five miles of this address or of any KUNG FU TEA® shop anywhere in the world for a period of two years from the termination date of March 21, 2023, of the Franchise Agreement between Plaintiff KFTF and VTVC.

C.      Requiring that Defendants transfer their domain name, https://kungfuboba.app.infi.us/#/z, at no cost to Plaintiffs.

D.      Requiring that Defendants deliver up to Plaintiffs any and all containers, signs, posters, menus, packaging materials, print media, and advertising, promotional or social media materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to in connection with Defendants' KUNG FU BOBA mark goods/services.

E.      Requiring that Defendants, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Plaintiffs' counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to Paragraphs A, B, C and D above.

F.      Requiring Defendants to account and pay over to Plaintiffs all damages sustained by Plaintiffs, Defendants' profits, Plaintiffs' attorneys' fees and costs, and ordering that the amount of damages and profits awarded Plaintiffs be increased three times the amount thereof.

G.      Awarding Plaintiffs such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs respectfully request a jury trial for this matter.

Dated:  December 19, 2023

Respectfully submitted,

By:  /s/Abelino  "Abel"  Reyna
Abelino "Abel" Reyna
Bar # 24000087
**Patterson & Sheridan LLP**
729 Washington Avenue, Suite 200
Waco, Texas 76701
(Tel): 254-777-5248
(Fax): 877-777-8071
(email): areyna@pattersonsheridan.com

Tony V. Pezzano
To Be Admitted Pro Hac Vice
tony.pezzano@offitkurman.com

Matthew D. Asbell
To Be Admitted Pro Hac Vice
matthew.asbell@offitkurman.com

Chintan A. Desai
To Be Admitted Pro Hac Vice
chintan.desai@offitkurman.com

**O**ffit Kurman, P.A.
590 Madison Ave, 6th Floor
New York, NY 10022
(Tel): 212-545-1900
(Fax): 212-545-1656

*Attorneys for Plaintiffs KF Tea USA LLC and
KF Tea Franchising LLC*

## VERIFICATION

Yi-Fan (Michael) Wen, being duly sworn, deposes and says:

I am the Vice President of Plaintiff KF Tea USA Inc. and Manager and Chief Sales Officer of Plaintiff KF Tea Franchising LLC in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Yi-Fan (Michael) Wen

Subscribed and sworn to before me this 19th day of December 2023.

_____
Notary Public

RICHARD LEE
Notary Public, State of New York
Reg. No. 01LE6371340
Qualified in Queens County
Commission Expires 02/26/202

4889-7728-1687, v. 1