# Exhibit 33

## KUNG FU TEA SHOP

### Guaranty and Assumption of Obligations

In order to induce KF TEA FRANCHISING LLC, a Delaware limited liability company (the "Franchisor") to enter into a Kung Fu Tea shop franchise agreement dated as of August 16, 2017 (the "Franchise Agreement") with VTVC ENTERPRISES, INC., a Texas corporation (the "Franchisee") for a Kung Fu Tea shop located at 3910 Wayne Ave, #102, Wichita Falls, TX 76308, the undersigned person (the "Guarantor"), hereby agrees as follows:

### 1. Guaranty of Payment

1.1  *Personal Guaranty.*  The Guarantor personally and unconditionally guarantees to the Franchisor and the Franchisor's successors and assigns the due, punctual and complete payment of all amounts that the Franchisee is obligated to pay to the Franchisor under the Franchise Agreement and under any modification of, amendment to or renewal of the Franchise Agreement.

1.2  *Waiver of Defenses.*  The Guarantor waives to the fullest extent permitted by law (a) any defense based upon any (i) legal disability or lack of authority of the Franchisee, (ii) legal or equitable discharge or limitation of the liability of the Franchisee, whether consensual or arising by operation of law, (iii) bankruptcy, insolvency, reorganization or other similar proceeding affecting a Guarantor or the Franchisee, or (iv) invalidity, irregularity or unenforceability of any or all of the provisions of this Guaranty or the Franchise Agreement; (b) presentment, demand, protest or notice of any other kind; (c) notice of acceptance of this Guaranty; (d) other defenses available to a Guarantor under applicable law; or (e) any requirement of diligence on the part of the Franchisor or any right the Guarantor may have to require the Franchisor to proceed first against the Franchisee.

1.3  *Guaranty of Payment.*  This is a guaranty of payment and not of collection. The Franchisor may require payment from the Guarantor of any obligation of the Franchisee under the Franchise Agreement and may sue the Guarantor for damages without first seeking or taking any action against the Franchisee.

1.4  *No Modification or Release.*  The liability of the Guarantor is unaffected by (a) any modification, amendment, termination or variation in or addition to the Franchise Agreement; (b) any extension of time for performance or any waiver of performance or any delay of the Franchisor in enforcing any right, remedy, power or privilege that the Franchisor may have against the Franchisee or any other person; (c) the release of the Franchisee, in whole or in part, from performance or observance of any of the agreements, covenants, terms or conditions contained in the Franchise Agreement, whether made with or without notice to the Guarantor; or (d) any other guaranty now or hereafter executed by anyone else in connection with the transactions contemplated by the Franchise Agreement.

1.5  *Costs.*  In the event this Guaranty is placed in the hands of an attorney for enforcement and the Franchisor is the prevailing party, the Guarantor will reimburse the Franchisor for all reasonable expenses incurred in the enforcement of the Franchisor's rights hereunder, including reasonable attorneys' fees and expenses.

### 2. Proprietary Rights; Confidentiality; Noncompetition

2.1  *Improvements.*  The Guarantor agrees that if he or she makes an improvement to the Franchisor's business system or method, such improvement will be the property of the Franchisor pursuant to the terms of Section 1.4.3 of the Franchise Agreement and the Guarantor will promptly disclose such improvement to the Franchisee and to the Franchisor with reference to this undertaking. The Guarantor hereby assigns all rights in such improvements to the Franchisor and agrees to sign any documents that the Franchisor may reasonably request from time to time to evidence such assignment.

Version 4/17/2017

2.2 *Copyrights and Trademarks.* The Guarantor acknowledges that the Franchisor's copyrights and trademarks may only be used by the Franchisee in accordance with Section 3.1 of the Franchise Agreement. The Guarantor personally agrees to comply with all of the Franchisee's obligations under Section 3.1 and not to use any of the Franchisor's copyrights or trademarks except on behalf of the Franchisee in furtherance of the Franchisee's business, and the Guarantor agrees that any such use will be in compliance the Franchisee's obligations under the Franchise Agreement as if the Guarantor were the Franchisee under the Franchise Agreement.

2.3 *Confidentiality.* The Guarantor acknowledges the Franchisee's obligations of confidentiality under Section 3.2 of the Franchise Agreement. The Guarantor personally agrees to comply with all of the Franchisee's obligations under Section 3.2 and not to disclose or use any Confidential Information (as defined in Section 3.2.1 of the Franchise Agreement) except on behalf of the Franchisee in furtherance of the Franchisee's business in compliance the Franchisee's obligations under the Franchise Agreement, and only to the extent that the Franchisee is permitted under the Franchise Agreement to disclose and use Confidential Information. Upon the request of the Franchisor, the Guarantor will promptly return to the Franchisor all Confidential Information and all copies in the Guarantor's possession or under the Guarantor's control, and the Guarantor will destroy all copies on the Guarantor's computers, disks and other digital storage devices.

2.4 *Noncompetition.* The Guarantor acknowledges the Franchisee's obligations under Section 3.3 of the Franchise Agreement not to compete with the Franchisor. The Guarantor personally agrees to comply with and be bound by all of the Franchisee's obligations under Section 3.3 to the same extent that the Franchisee is bound by the obligations of Section 3.3, both during and after the term of the Franchise Agreement.

2.5 *Remedies.* The Guarantor acknowledges that if the Guarantor fails to comply strictly with any of the undertakings in Sections 2.1 through 2.4 above, the Franchisor will suffer irreparable harm and will have a cause of action for damages or injunctive relief or both against such Guarantor in a court of competent jurisdiction. In the event that the Franchisor prevails in any such litigation, the Guarantor will reimburse the Franchisor for all costs, attorneys' fees and other expenses incurred by the Franchisor in connection with such litigation.

3. **Transfer**

3.1 *Transfer by the Franchisor.* If the Franchisor transfers its rights and obligations under the Franchise Agreement pursuant to Section 4.1 of the Franchise Agreement, this Guaranty will be deemed to be transferred automatically to the transferee who, upon such transfer, will have all of the rights granted to the Franchisor under this Guaranty vis-a-vis the Guarantor, and the obligations of the Guarantor will then accrue to the benefit of the transferee.

3.2 *Transfer by the Franchisee.* The Guarantor acknowledges the Franchisee's transfer restrictions under Sections 4.2 and 4.3 of the Franchise Agreement. The Guarantor personally agrees to comply with all of the Franchisee's obligations under Sections 4.2 and 4.3.

4. **Miscellaneous**

4.1 *Notices.* All notices and other communications required or permitted by this Agreement will be in writing and will be delivered by hand, fax, overnight delivery service, or registered or certified first class mail, to the then-current address of the Guarantor known by the sender. Any such notice or other communication will be deemed given and be effective upon receipt at such address.

4.2 *Waiver.* No delay or failure to exercise any right or remedy provided for in this Agreement will be deemed to be a waiver of such right or remedy or acquiescence in the event giving rise to such right or remedy.

4.3  *Governing Law.*  This Guaranty and Assumption of Obligations will be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed entirely within the State of New York, without regard to that state's conflict of laws principles; but nothing in this Agreement will be deemed to extend the application of the New York Franchise Act to the sale of franchises outside of the State of New York.

4.4  *Amendments.*  This Guaranty and Assumption of Obligations may not be modified or amended except in writing signed by the Franchisor and the Guarantor to be bound by such modification or amendment.  No waiver or discharge will be valid unless in writing and approved by the Franchisor.

IN WITNESS WHEREOF, the Guarantor has signed this Guaranty as of the date of the Franchise Agreement.

_____
Van Nguyen
8 Park Place Ct.
Wichita Falls, TX 76302

Acknowledged and agreed:

KF TEA FRANCHISING LLC

By _____

Title _____ CEO _____

Date _____ 9/18/2017 _____

STATE OF Texas         )
                       ) ss.:
COUNTY OF Wichita      )

On the __7__ day of ~~August~~ September 2017, before me personally came Van Nguyen, to me known to be the individual described in and who executed the foregoing guaranty, and he acknowledged that he executed the same.



_____
Notary Public

Version 4/17/2017

- 3 -